1  ATKINSON, ANDELSON, LOYA, RUUD & ROMO
   A Profession l L w   orpor tion
2  Amber M. Sol no          St te B  r No. 216212
   ASol no@a lrr.com
3  Amie J. Gonz lez          State Bar No. 349266
   Amie.Gonz lez@a lrr.com
4  2 00   enter   ourt Drive South, Suite 300
   erritos,   liforni   0 03- 364
5  Telephone: (562) 653-3200
   F x: (562) 653-3333
6
   Attorneys for Defendant
7  H  ME DEP  T U.S.A. INC.

8              UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10

11  KYSHAWN JAMES,                    | Case No.   2:25-cv-05929-AB-E

12              Plaintiff,            | *Removed from Los Angeles County*
                                      | *Superior Court Case No.*
13  v.                                | *25STCV15114*

14  THE HOME DEPOT U.S.A., INC., a    | **STIPULATION AND ~~PROPOSED~~**
    Del w re   orpor tion;  nd D  ES  | **PROTECTIVE ORDER**
15  through  00, inclusive,

16              Defendants.
                                      | Complaint Filed:   May 23, 2025
17                                    | FA   Filed:        M  y 2 , 2025
                                      | Tri 1 D  te:       Not Set
18

19  1.    A. PURPOSES AND LIMITATIONS

20        Discovery in this action is likely to involve production of confidential,
21  proprietary, or private information for which special protection from public disclosure
22  and from use for any purpose other than prosecuting this litigation may be warranted.
23  Accordingly, the parties hereby stipulate to and petition the Court to enter the
24  following Stipulated Protective Order. The parties acknowledge that this Order does
25  not confer blanket protections on all disclosures or responses to discovery and that
26  the protection it affords from public disclosure and use extends only to the limited
27  information or items that are entitled to confidential treatment under the applicable
28  legal principles. The parties further acknowledge, as set forth in Section 12.3, below,

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

1   that this Stipulated Protective Order does not entitle them to file confidential
2   information under seal; Civil Local Rule 79-5 sets forth the procedures that must be
3   followed and the standards that will be applied when a party seeks permission from
4   the court to file material under seal.

5        B. GOOD CAUSE STATEMENT

6        Good cause exists for the entry of this Stipulated Protective Order because
7   discovery in this employment action is likely to involve production of confidential,
8   proprietary or private information for which special protection from public disclosure
9   and from use for any purpose other than pursuing this litigation may be warranted.
10  Such confidential, proprietary, and private information consists of, among other
11  things, confidential business or financial information, information regarding
12  confidential business practices, confidential research, development or commercial
13  information, private information pertaining to employees and customers, and
14  information otherwise generally unavailable to the public, or which may be privileged
15  or otherwise protected from disclosure to the public, or which may be privileged or
16  otherwise protected from disclosures under state or federal statutes, court rules, case
17  decisions, or common law.  Accordingly, to expedite the flow of information, to
18  facilitate the prompt resolution of disputes over confidentiality of discovery materials,
19  to adequately protect information the Parties are entitled to keep confidential, to
20  ensure that the Parties are permitted reasonable necessary uses of such materials in
21  preparation for and in the conduct of trial, to address their handling at the end of the
22  litigation, and serve the ends of justice, a protective order for such information is
23  justified in this matter.

24  2.    DEFINITIONS

25      1.    Action: For the purposes of this Stipulated Protective Order, "Action"
26  means this federal lawsuit, which was filed in the Superior Court of the State of
27  California for the County of Los Angeles, Case No. 25STCV15114, and removed to
28

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

1 the United States District Court of the Central District of California, Case No. 2:25-
2 cv-05929-AB-E.

3     2.1   Challenging Party: a Party or Non-Party that challenges the designation
4 of information or items under this Order.

5     2.2   "CONFIDENTIAL" Information or Items: information (regardless of
6 how it is generated, stored or maintained) or tangible things that qualify for protection
7 under Federal Rule of Civil Procedure 26(c), and as specified above in the Good
8 Cause Statement.

9     2.3   Counsel: Outside Counsel of Record and House Counsel (as well as their
10 support staff).

11     2.4   Designating Party: a Party or Non-Party that designates information or
12 items that it produces in disclosures or in responses to discovery as
13 "CONFIDENTIAL."

14     2.5   Disclosure or Discovery Material: all items or information, regardless of
15 the medium or manner in which it is generated, stored, or maintained (including,
16 among other things, testimony, transcripts, and tangible things), that are produced or
17 generated in disclosures or responses to discovery in this matter.

18     2.6   Expert: a person with specialized knowledge or experience in a matter
19 pertinent to the litigation who has been retained by a Party or its counsel to serve as
20 an expert witness or as a consultant in this Action.

21     2.7   House Counsel: attorneys who are employees of a party to this Action.
22 House Counsel does not include Outside Counsel of Record or any other outside
23 counsel.

24     2.8   Non-Party: any natural person, partnership, corporation, association, or
25 other legal entity not named as a Party to this action.

26     2.9   Outside Counsel of Record: attorneys who are not employees of a party
27 to this Action but are retained to represent or advise a party to this Action and have
28

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

-3-

1  appeared in this Action on behalf of that party or are affiliated with a law firm which
2  has appeared on behalf of that party, and includes support staff.

3     2.10   Party: any party to this Action, including all of its officers, directors,
4  employees, consultants, retained experts, and Outside Counsel of Record (and their
5  support staffs).

6     2.11   Producing Party: a Party or Non-Party that produces Disclosure or
7  Discovery Material in this Action.

8     2.12   Professional Vendors: persons or entities that provide litigation support
9  services (e.g., photocopying, videotaping, translating, preparing exhibits or
10  demonstrations, and organizing, storing, or retrieving data in any form or medium)
11  and their employees and subcontractors.

12     2.13   Protected Material: any Disclosure or Discovery Material that is
13  designated as "CONFIDENTIAL."

14     2.14   Receiving Party: a Party that receives Disclosure or Discovery Material
15  from a Producing Party.

16  3.    SCOPE

17     The protections conferred by this Stipulation and Order cover not only
18  Protected Material (as defined above), but also (1) any information copied or extracted
19  from Protected Material; (2) all copies, excerpts, summaries, or compilations of
20  Protected Material; and (3) any testimony, conversations, or presentations by Parties
21  or their Counsel that might reveal Protected Material.

22     Any use of Protected Material at trial shall be governed by the orders of the
23  trial judge. This Order does not govern the use of Protected Material at trial.

24  4.    DURATION

25     Even after final disposition of this litigation, the confidentiality obligations
26  imposed by this Order shall remain in effect until a Designating Party agrees
27  otherwise in writing or a court order otherwise directs. Final disposition shall be
28  deemed to be the later of (1) dismissal of all claims and defenses in this Action, with

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

-4-

1 | or without prejudice; and (2) final judgment herein after the completion and
2 | exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,
3 | including the time limits for filing any motions or applications for extension of time
4 | pursuant to applicable law.

5 | 5.     DESIGNATING PROTECTED MATERIAL

6 |        5.1     Exercise of Restraint and Care in Designating Material for Protection.

7 |        Documents or information produced or provided by the Parties during the
8 | course of discovery in the above-entitled matter may be designated as "Confidential"
9 | so long as the Party who seeks confidentiality has a good faith belief that such
10 | document or information is entitled to confidentiality under the terms of this
11 | Stipulation and Order.

12 |        The Producing Party may designate as Confidential Information any
13 | information it believes to be confidential, including, without limitation, (i) non-public
14 | information about a past, present or potential employee or customer of Home Depot
15 | or a subsidiary, including personnel records, evaluations, compensation levels,
16 | databases, surveys, statistical analyses, analyses of personnel practices, or other
17 | information incorporating or aggregating information pertaining to individuals, and
18 | (ii) confidential business or financial information, information regarding confidential
19 | business practices, trade secrets or other non-public proprietary, strategic or
20 | commercial information, data or research of Home Depot or one or more of its
21 | subsidiaries.

22 |        Each Party or Non-Party that designates information or items for protection
23 | under this Order must take care to limit any such designation to specific material that
24 | qualifies under the appropriate standards. The Designating Party must designate for
25 | protection only those parts of material, documents, items, or oral or written
26 | communications that qualify so that other portions of the material, documents, items,
27 | or communications for which protection is not warranted are not swept unjustifiably
28 | within the ambit of this Order.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

Case No.: 2:25-cv-05929-AB-E                    STIPULATION AND PROPOSED PROTECTIVE ORDER
54828419.1/015428.00123

1    Mass, indiscriminate, or routinized designations are prohibited. Designations
2  that are shown to be clearly unjustified or that have been made for an improper
3  purpose (e.g., to unnecessarily encumber the case development process or to impose
4  unnecessary expenses and burdens on other parties) may expose the Designating Party
5  to sanctions.

6    If it comes to a Designating Party's attention that information or items that it
7  designated for protection do not qualify for protection, that Designating Party must
8  promptly notify all other Parties that it is withdrawing the designation if the
9  Designating Party believes that the designated information or items do not qualify for
10  protection.

11    5.2    Manner and Timing of Designations. Except as otherwise provided in
12  this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise
13  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection
14  under this Order must be clearly so designated before the material is disclosed or
15  produced.

16    Designation in conformity with this Order requires:

17    (a)    for information in documentary form (e.g., paper or electronic
18  documents, but excluding transcripts of depositions or other pretrial or trial
19  proceedings), that the Producing Party affix at a minimum, the legend
20  "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that
21  contains protected material. If only a portion or portions of the material on a page
22  qualifies for protection, the Producing Party also must clearly identify the protected
23  portion(s) (e.g., by making appropriate markings in the margins).

24    A Party or Non-Party that makes original documents available for inspection
25  need not designate them for protection until after the inspecting Party has indicated
26  which documents it would like copied and produced. During the inspection and before
27  the designation, all of the material made available for inspection shall be deemed
28  "CONFIDENTIAL." After the inspecting Party has identified the documents it wants

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

Case No.: 2:25-cv-05929-AB-E          STIPULATION AND ~~PROPOSED~~ PROTECTIVE ORDER
54828419.1/015428.00123

1  copied and produced, the Producing Party must determine which documents, or
2  portions thereof, qualify for protection under this Order. Then, before producing the
3  specified documents, the Producing Party must affix the "CONFIDENTIAL legend"
4  to each page that contains Protected Material. If only a portion or portions of the
5  material on a page qualifies for protection, the Producing Party also must clearly
6  identify the protected portion(s) (e.g., by making appropriate markings in the
7  margins).

8     (b)     for testimony given in depositions that the Designating Party identify the
9  Disclosure or Discovery Material on the record, before the close of the deposition or
10  in writing at any time up until twenty (20) days after receipt of the transcript.

11     (c)     for information produced in some form other than documentary and for
12  any other tangible items, that the Producing Party affix in a prominent place on the
13  exterior of the container or containers in which the information is stored the legend
14  "CONFIDENTIAL." If only a portion or portions of the information warrants
15  protection, the Producing Party, to the extent practicable, shall identify the protected
16  portion(s).

17     5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent
18  failure to designate qualified information or items does not waive the Designating
19  Party's right to secure protection under this Order for such material. Upon timely
20  correction of a designation, the Receiving Party must make reasonable efforts to
21  assure that the material is treated in accordance with the provisions of this Order.

22  6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

23     6.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a
24  designation of confidentiality at any time that is consistent with the Court's
25  Scheduling Order.

26     6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute
27  resolution process under Local Rule 37.1 et seq.

28  / / /

-7-

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

1    6.3    The burden of persuasion in any such challenge proceeding shall be on
2  the Challenging Party. Frivolous challenges, and those made for an improper purpose
3  (e.g., to harass or impose unnecessary expenses and burdens on other parties) may
4  expose the Challenging Party to sanctions. Unless the Designating Party has waived
5  or withdrawn the confidentiality designation, all parties shall continue to afford the
6  material in question the level of protection to which it is entitled under the Producing
7  Party's designation until the Court rules on the challenge.

8  7.    ACCESS TO AND USE OF PROTECTED MATERIAL

9    7.1    Basic Principles. A Receiving Party may use Protected Material that is
10  disclosed or produced by another Party or by a Non-Party in connection with this
11  Action only for prosecuting, defending, or attempting to settle this Action. Such
12  Protected Material may be disclosed only to the categories of persons and under the
13  conditions described in this Order. When the Action has been terminated, a Receiving
14  Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

15    Protected Material must be stored and maintained by a Receiving Party at a
16  location and in a secure manner that ensures that access is limited to the persons
17  authorized under this Order.

18    7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless
19  otherwise ordered by the court or permitted in writing by the Designating Party, a
20  Receiving    Party    may    disclose    any    information    or    item    designated
21  "CONFIDENTIAL" only to:

22    (a)    the Receiving Party's Outside Counsel of Record in this Action, as well
23  as employees of said Outside Counsel of Record to whom it is reasonably necessary
24  to disclose the information for this Action;

25    (b)    the officers, directors, and employees (including House Counsel) of the
26  Receiving Party to whom disclosure is reasonably necessary for this Action;
27  / / /
28  / / /

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

1    (c)    Experts (as defined in this Order) of the Receiving Party to whom
2 disclosure is reasonably necessary for this Action and who have signed the
3 "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4    (d)    the court and its personnel;

5    (e)    court reporters and their staff;

6    (f)    professional jury or trial consultants, mock jurors, and Professional
7 Vendors to whom disclosure is reasonably necessary for this Action and who have
8 signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

9    (g)    the author or recipient of a document containing the information or a
10 custodian or other person who otherwise possessed or knew the information;

11    (h)    during their depositions, witnesses, and attorneys for witnesses, in the
12 Action to whom disclosure is reasonably necessary provided: (1) the deposing party
13 requests that the witness sign the form attached as Exhibit A hereto; and (2) they will
14 not be permitted to keep any confidential information unless they sign the
15 "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed
16 by the Designating Party or ordered by the court. Pages of transcribed deposition
17 testimony or exhibits to depositions that reveal Protected Material may be separately
18 bound by the court reporter and may not be disclosed to anyone except as permitted
19 under this Stipulated Protective Order; and

20    (i)    any mediator or settlement officer, and their supporting personnel,
21 mutually agreed upon by any of the parties engaged in settlement discussions.

22 8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN
23 OTHER LITIGATION

24    If a Party is served with a subpoena or a court order issued in other litigation
25 that compels disclosure of any information or items designated in this Action as
26 "CONFIDENTIAL," that Party must:

27    (a)    promptly notify in writing the Designating Party. Such notification shall
28 include a copy of the subpoena or court order;

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

-9-

1    (b)    promptly notify in writing the party who caused the subpoena or order to
2    issue in the other litigation that some or all of the material covered by the subpoena
3    or order is subject to this Protective Order. Such notification shall include a copy of
4    this Stipulated Protective Order; and

5    (c)    cooperate with respect to all reasonable procedures sought to be pursued
6    by the Designating Party whose Protected Material may be affected.

7    If the Designating Party timely seeks a protective order, the Party served with
8    the subpoena or court order shall not produce any information designated in this action
9    as "CONFIDENTIAL" before a determination by the court from which the subpoena
10    or order issued, unless the Party has obtained the Designating Party's permission. The
11    Designating Party shall bear the burden and expense of seeking protection in that court
12    of its confidential material and nothing in these provisions should be construed as
13    authorizing or encouraging a Receiving Party in this Action to disobey a lawful
14    directive from another court.

15    9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
16    PRODUCED IN THIS LITIGATION

17    (a)    The terms of this Order are applicable to information produced by a Non-
18    Party in this Action and designated as "CONFIDENTIAL." Such information
19    produced by Non-Parties in connection with this litigation is protected by the
20    remedies and relief provided by this Order. Nothing in these provisions should be
21    construed as prohibiting a Non-Party from seeking additional protections.

22    (b)    In the event that a Party is required, by a valid discovery request, to
23    produce a Non-Party's confidential information in its possession, and the Party is
24    subject to an agreement with the Non-Party not to produce the Non-Party's
25    confidential information, then the Party shall:

26    (1)    promptly notify in writing the Requesting Party and the Non-Party
27    that some or all of the information requested is subject to a confidentiality agreement
28    with a Non-Party;

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

-10-

1        (2)    promptly provide the Non-Party with a copy of the Stipulated
2    Protective Order in this Action, the relevant discovery request(s), and a reasonably
3    specific description of the information requested; and

4        (3)    make the information requested available for inspection by the
5    Non-Party, if requested.

6        (c)    If the Non-Party fails to seek a protective order from this court within 14
7    days of receiving the notice and accompanying information, the Receiving Party may
8    produce the Non-Party's confidential information responsive to the discovery request.
9    If the Non-Party timely seeks a protective order, the Receiving Party shall not produce
10   any information in its possession or control that is subject to the confidentiality
11   agreement with the Non-Party before a determination by the court. Absent a court
12   order to the contrary, the Non-Party shall bear the burden and expense of seeking
13   protection in this court of its Protected Material.

14   10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

15       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
16   Protected Material to any person or in any circumstance not authorized under this
17   Stipulated Protective Order, the Receiving Party must immediately (a) notify in
18   writing the Designating Party of the unauthorized disclosures, (b) use its best efforts
19   to retrieve all unauthorized copies of the Protected Material, (c) inform the person or
20   persons to whom unauthorized disclosures were made of all the terms of this Order,
21   and (d) request such person or persons to execute the "Acknowledgment and
22   Agreement to Be Bound" that is attached hereto as Exhibit A.

23   11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
24   PROTECTED MATERIAL

25       When a Producing Party gives notice to Receiving Parties that certain
26   inadvertently produced material is subject to a claim of privilege or other protection,
27   the obligations of the Receiving Parties are those set forth in Federal Rule of Civil
28   Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

1  may be established in an e-discovery order that provides for production without prior
2  privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the
3  parties reach an agreement on the effect of disclosure of a communication or
4  information covered by the attorney-client privilege or work product protection, the
5  parties may incorporate their agreement in the stipulated protective order submitted
6  to the court.

7  12.    MISCELLANEOUS

8      12.1   Right to Further Relief. Nothing in this Order abridges the right of any
9  person to seek its modification by the Court in the future.

10     12.2   Right to Assert Other Objections. By stipulating to the entry of this
11 Protective Order no Party waives any right it otherwise would have to object to
12 disclosing or producing any information or item on any ground not addressed in this
13 Stipulated Protective Order. Similarly, no Party waives any right to object on any
14 ground to use in evidence of any of the material covered by this Protective Order.

15     12.3   Filing Protected Material. A Party that seeks to file under seal any
16 Protected Material must comply with Civil Local Rule 79-5. Protected Material may
17 only be filed under seal pursuant to a court order authorizing the sealing of the specific
18 Protected Material at issue. If a Party's request to file Protected Material under seal is
19 denied by the court, then the Receiving Party may file the information in the public
20 record unless otherwise instructed by the court.

21 13.    FINAL DISPOSITION

22     Within fifteen business days after final disposition of this Action, as defined in
23 paragraph 4, each Receiving Party must return to the Producing Party all Protected
24 Material, all copies of such information, and any Documents incorporating such
25 information. Alternatively, at the request of the Producing Party, the Receiving Party
26 shall destroy all such materials. As used in this subdivision, "all Protected Material"
27 includes all copies, abstracts, compilations, summaries, and any other format
28 reproducing or capturing any of the Protected Material. Whether the Protected

-12-
Case No.: 2:25-cv-05929-AB-E          STIPULATION AND PROPOSED PROTECTIVE ORDER

1 Material is returned or destroyed, the Receiving Party must submit a written
2 certification to the Producing Party (and, if not the same person or entity, to the
3 Designating Party) by the 15 day deadline that (1) identifies (by category, where
4 appropriate) all the Protected Material that was returned or destroyed and (2)affirms
5 that the Receiving Party has not retained any copies, abstracts, compilations,
6 summaries or any other format reproducing or capturing any of the Protected Material.
7 Notwithstanding this provision, Counsel are entitled to retain an archival copy of all
8 pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,
9 correspondence, deposition and trial exhibits, expert reports, attorney work product,
10 and consultant and expert work product, even if such materials contain Protected
11 Material. Any such archival copies that contain or constitute Protected Material
12 remain subject to this Protective Order as set forth in Section 4 (DURATION).

13 14.    Any violation of this Order may be punished by any and all appropriate
14 measures including, without limitation, contempt proceedings and/or monetary
15 sanctions.

16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

-13-

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

1    15.    After this Stipulated Protective Order has been signed by counsel for all Parties,

2    it shall be presented to the Court for entry. Counsel agree to be bound by the terms

3    set forth herein with regard to any Confidential Information that has been produced

4    before the Court signs this Stipulation and Order.

5    **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**.

8    Dated: October 1, 2025    ATKINSON, ANDELSON, LOYA, RUUD &
                                ROMO

10                             By: _____
11                                 Amber M. Solano
                                   Amie J. Gonzalez
12                                 Attorneys for Defendant
                                   HOME DEPOT U.S.A. INC.

13    Dated: October 1, 2025    SERENDIB LAW FIRM, APC
14

15                             By: _____
16                                 Dimuth C. Amaratunge
                                   Maya L. Serkova
17                                 Attorneys for Plaintiff
                                   KYSHAWN JAMES

Case No.: 2:25-cv-05929-AB-E    STIPULATION AND ~~PROPOSED~~ PROTECTIVE ORDER
54828419.1/015428.00123

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: 10/7/2025

Hon. Charles F. Eick
United States Magistrate Judge

-15-

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *Kyshawn James v. Home Depot U.S.A., Inc. et al.*, Case No. 2:25-cv-05929-AB-E. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333